## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAW OFFICES OF CONRAD J.** | : | **CIVIL ACTION** |
| **BENEDETTO and CONRAD J.** | : | |
| **BENEDETTO, ESQUIRE** | : | |
| **v.** | : | |
| | : | |
| **ADMIRAL INSURANCE COMPANY and** | : | |
| **SHERMAN WELLS SYLVESTER &** | : | |
| **STAMELMAN, LLP** | : | **NO. 20-4474** |

### MEMORANDUM

**Savage, J.**                                                    **October 15, 2020**

In removing this action from the state court, defendant Sherman Wells Sylvester & Stamelman, LLP ("Sherman Wells") contends that the federal court has subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441(b).  Consistent with our "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), we may remand a case *sua sponte* for lack of subject matter jurisdiction.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Because the removing defendant has not shown there is complete diversity, we shall remand this action.

A defendant removing a case from state court under § 1332(a) bears the burden of demonstrating that the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83-84 (2014); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018); *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 150 (3d Cir. 2017)

(citation omitted). Additionally, removal statutes are strictly construed against removal, and all doubts are resolved in favor of remand. *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (citation omitted); *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

The plaintiffs, a law firm and one of its attorneys, bring claims for breach of contract and professional malpractice against Sherman Wells, another law firm. The plaintiffs also assert a claim for breach of contract against Admiral Insurance Company ("Admiral"), their professional liability carrier who retained Sherman Wells to represent them.[1]

In its notice of removal, Sherman Wells asserts that there is complete diversity between the plaintiffs and the two defendants.[2] As the proponent of diversity jurisdiction, Sherman Wells has the burden of establishing jurisdiction. *In re Lipitor Antitrust Litig.*, 855 F.3d at 150. Yet, it fails to allege the citizenship of any party, including itself. Thus, we cannot determine the citizenship of the plaintiffs or the removing defendant.[3]

A natural person is deemed to be a citizen of the state where he is domiciled. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). Partnerships and other unincorporated associations are treated as a citizen of every state in which their members are citizens. *Id.* at 105 (citing *Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 420 (3d Cir. 2010)). A corporation is a citizen of both the state of its

---

[1] Compl. (Doc. No. 1) ¶¶ 1-15.

[2] Not. of Removal (Doc. No. 1) ¶ 11.

[3] In its consent to removal, Admiral avers that it is a Delaware corporation with a principal place of business in New Jersey. Admiral's Consent to Removal (Doc. No. 1 at ECF 7-8) ¶ 4.

incorporation and the state where its principal place of business is located. *GBForefront*, 888 F.3d at 34 (citing *Zambelli*, 592 F.3d at 419).

The complaint does not aver the state of citizenship of either plaintiff.  It states that the individual plaintiff's principal place of business is in Pennsylvania.  It does not allege where he is domiciled.  It also alleges that the plaintiff law firm is "authorized" to do business in Pennsylvania, where it has a "primary place of business."  It does not allege what type of entity it is.[4]   Nor does the notice of removal.   Without this information, we cannot ascertain whether the plaintiff law firm is a corporation or an association with members whose states of citizenship are different from those of the defendants'.

Nor can we determine the removing defendant's citizenship. The complaint alleges that Sherman Wells is a law firm with a principal place of business in New Jersey.  Because it is a limited liability partnership, it is a citizen of every state in which its members are citizens.   Hence, because Sherman Wells has not identified its members and their states of citizenship, we cannot determine its citizenship.[5]

Because we cannot determine the citizenship of the plaintiffs or of the removing defendant, we cannot conclude that there is diversity of citizenship.  Therefore, in the absence of subject matter jurisdiction, we shall remand this case.

---

[4] Compl. ¶¶ 1-3.

[5] Although Sherman Wells fails to allege Admiral's citizenship, Admiral properly pleads its citizenship in its consent to removal, where it avers that it is a Delaware corporation with a principal place of business in New Jersey.  Admiral's Consent to Removal ¶ 4.