IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAW OFFICES OF CONRAD J.** | : | **CIVIL ACTION** |
| **BENEDETTO and CONRAD J.** | : | |
| **BENEDETTO, ESQUIRE** | : | |
| **v.** | : | |
| | : | |
| **ADMIRAL INSURANCE COMPANY and** | : | |
| **SHERMAN WELLS SYLVESTER &** | : | |
| **STAMELMAN, LLP** | : | **NO. 20-4474** |

# MEMORANDUM

**Savage, J.**                                                                               **November 19, 2020**

What happened in this case illustrates the danger of filing a snap notice of removal before all defendants have been served. Without conducting a reasonable inquiry to determine a factual basis for concluding that the parties are diverse, a removing defendant runs the risk of failing to carry its burden of establishing federal jurisdiction.

Moving for reconsideration of the order remanding this action for lack of subject matter jurisdiction, defendant Sherman Wells Sylvester & Stamelman, LLP ("Sherman Wells") argues that we should have provided it an opportunity to present evidence establishing diversity jurisdiction before *sua sponte* remanding. Sherman Wells is actually attempting to amend its deficient notice of removal after the time for removal has expired. It belatedly seeks to supply information regarding jurisdictional facts it did not present in its notice of removal.

Because Sherman Wells has not presented any basis justifying relief from the remand order, we shall deny the motion.

**Background**

Before it and the other defendant were served with the complaint, Sherman Wells removed this breach of contract and professional malpractice action from the state court on the basis of diversity jurisdiction. In its notice of removal, it failed to allege the citizenship of any party, even its own. Without any factual support, it conclusorily stated that there is complete diversity between the plaintiffs and the defendants.[1]

Because neither the complaint nor the removal notice contained the necessary jurisdictional allegations from which its citizenship and that of the plaintiffs could be ascertained,[2] we could not determine whether the parties were diverse. Therefore, we remanded the action for lack of subject matter jurisdiction.[3]

In its motion for reconsideration, Sherman Wells does not deny that it did not provide a sufficient factual basis for diversity jurisdiction in its notice of removal. Instead, it argues that before remanding the action, we should have "provide[d] the parties with the opportunity to support the averments of the Complaint, which established at least a *prima facie* determination of diversity."[4] It attaches documents it

---

[1] Not. of Removal (Doc. No. 1) ¶¶ 6, 11. Even in its answer filed after removal, Sherman Wells failed to allege jurisdictional facts. It admitted only that the plaintiff Law Offices of Conrad J. Benedetto is organized as a law firm, plaintiff Conrad Benedetto ("Benedetto") is an attorney, Admiral Insurance Company is an insurance company, and Sherman Wells is a New Jersey limited liability partnership and law firm with a New Jersey address. With respect to the remaining allegations regarding jurisdictional facts, it stated that it "lack[ed] knowledge and information sufficient to form a belief as to the[ir] truth. . . ." *See* Answer and Affirmative Defenses of Sherman Wells (Doc. No. 7) ¶¶ 1-5.

[2] Admiral's citizenship was sufficiently alleged in its consent to removal, which was attached to the notice of removal. Opinion at 3 n.5.

[3] Opinion at 3.

[4] Memo. of Law in Support of Mot. for Reconsideration (Doc. No. 11) at 1. It contends that the allegations in the complaint "indicate" that the plaintiffs are "citizens of and domiciled in" Pennsylvania. *See* Cert. of Craig L. Steinfeld in Support of Mot. for Reconsideration (Doc. No. 11-1) ¶ 3. The complaint does not. It alleges only that the individual plaintiff's principal place of business is in Philadelphia, Pennsylvania, and that the plaintiff law firm is "authorized" to do business in Pennsylvania where it has a "primary place of business." Compl. (Doc. No. 1 at ECF 20) ¶¶ 1-2.

claims establish diversity jurisdiction. The attachments include a certification by one of its partners listing the states of citizenship of Sherman Wells's partners, the plaintiff law firm's articles of incorporation, and a court docket reflecting the issuance of a speeding ticket to Benedetto showing a Philadelphia home address. It asks us to consider this evidence and strike the remand order. In the alternative, it requests an evidentiary hearing to permit it to establish diversity jurisdiction.

## Discussion

Even though it discusses the standard for Federal Rule of Civil Procedure 59(e), Sherman Wells cites and relies upon Rule 60(b), which provides relief from a final judgment, order or proceeding. Rule 60(b) sets forth six grounds for relief: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) a void judgment; (5) the satisfaction, release or discharge of a judgment or inequity in the prospective application of the judgment; or (6) any other reason justifying relief from operation of the judgment.

Sherman Wells does not specify what grounds under Rule 60(b) it invokes. Reading the motion liberally, we assume it is proceeding under Rule 60(b)(2) based on "newly discovered evidence." None of the other grounds are applicable.

Newly discovered evidence is evidence that was not available and could not have been discovered using reasonable diligence before the court ruled. *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 264 F.3d 302, 309 (3d Cir. 2001) (citation omitted). Evidence that was available but not sought or presented is not "newly discovered." Nor is evidence that was available in public records. *Scutieri v. Paige*, 808 F.2d 785, 793-94

(11th Cir. 1987).

Here, the information in the attachments was available when Sherman Mills filed its notice of removal. Sherman Wells knew the states of citizenship of its partners when it filed its notice of removal. It was not new evidence. Nor were the plaintiff law firm's articles of incorporation and the traffic court docket. They were public records available to Sherman Wells prior to filing its notice of removal. Thus, this evidence was newly produced, not newly discovered.

The party asserting federal jurisdiction has the burden of establishing the factual bases for jurisdiction. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). In an original action, the plaintiff must set forth the facts showing jurisdiction. *Id.* at 106. In an action removed from state court, the removing defendant must aver facts demonstrating that federal jurisdiction exists. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83-84 (2014); *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 150 (3d Cir. 2017).

In removing a case on the basis of diversity jurisdiction, the defendant must meet the requirements for establishing jurisdiction. When the facts are not set forth in the complaint, the removing defendant must plead facts showing that the parties are citizens of different states. *In re Lipitor Antitrust Litig.*, 855 F.3d at 150-51. A bare conclusory statement that citizenship is diverse is insufficient. *Dart Cherokee*, 574 U.S. at 83-84; *Lincoln Ben. Life Co.*, 800 F.3d at 108 n.36.

What a partnership or other unincorporated association[5] must allege to establish

---

[5] For purposes of determining diversity jurisdiction, a partnership is an unincorporated association. *See In re Lipitor Antitrust Litig.*, 855 F.3d at 150 (citing *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016)). Thus, rules that apply to unincorporated associations apply to partnerships.

4

jurisdiction depends on whether it is the proponent of federal jurisdiction. If a partnership is the proponent of diversity jurisdiction, it must allege the citizenship of each of its partners. Consequently, if a partnership is the plaintiff in an original action filed in federal court, it must allege in the complaint the citizenship of each of its partners. *Lincoln Ben. Life Co.*, 800 F.3d at 106, 108 n.36.[6] If it is the removing defendant, it must allege the citizenship of its partners in the notice of removal. *Id.*

As the proponent of jurisdiction, Sherman Wells, not the plaintiffs, had the burden of establishing that the opposing parties are diverse from each other. To meet that burden, it was required to plead the citizenship of its partners in its notice of removal. Without explanation or excuse, it failed to do so. It does not, and cannot, assert that it needed more time to ascertain the citizenship of its members. Indeed, it filed its motion for reconsideration together with the documents bearing on the citizenship of the parties within hours of the remand order. This timing shows how readily available the information was. Nonetheless, it removed the action before it was served and the time for removal had begun to run.

Contending that the jurisdictional allegations in the complaint "established at least a *prima facie* determination of diversity," Sherman Wells argues that it should have been given an opportunity to supplement the allegations in the complaint with evidence sufficient to establish diversity jurisdiction. It mischaracterizes the allegations in the complaint and misstates its burden of proof. There is no allegation in the complaint asserting Sherman Wells's citizenship. The only allegations are that it is a law firm and

---

[6] Because the membership of an unincorporated association is often not publicly available and may be known only to the defendant, a plaintiff asserting diversity jurisdiction need not plead the citizenship of each of the members of a defendant unincorporated association as long as he performs a reasonable investigation. *See Lincoln Ben. Life Co.*, 800 F.3d at 107-08 & n.31.

its principal place of business is in New Jersey.[7]  Because the complaint does not plead facts necessary to establish diversity, Sherman Wells had the obligation to plead them in its notice of removal.  It did not.

Citing *McCann v. George W. Newman Irrevocable Trust*, 458 F.3d 281, 290 (3d Cir. 2006), Sherman Wells asserts that we were required to provide it with "notice and a fair opportunity to be heard" before determining that we lacked jurisdiction.  Contrary to its contention, Sherman Wells was not entitled to an evidentiary hearing before remand.

*McCann* is distinguishable.  It has no application to removal.  In *McCann*, the district court ruled on a factual challenge made in a Rule 12(b)(1) motion.  Facts establishing domicile appeared on the face of the complaint and the defendant challenged them by producing contrary facts.  The parties presented competing evidence of the plaintiff's domicile.  *Id.* at 284, 290.  The district court, after evaluating depositions and affidavits and weighing the evidence, concluded that the plaintiff, the proponent of jurisdiction, failed to carry its burden of establishing diversity jurisdiction.

Here, there are no factual disputes.  Rather, there was an absence of jurisdictional facts.  *McCann* does not stand for the proposition that a party is entitled to a hearing post-removal to cure defects in the notice of removal.  Thus, Sherman Wells's reliance on *McCann* is misplaced.

We reiterate what we stated when we remanded the action.  "It is fundamental that federal courts must have subject matter jurisdiction before reaching the merits of a

---

[7] Although a corporation is a citizen of both the state of its incorporation and the state where its principal place of business is located, *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018), the state of organization and the principal place of business of a partnership and other unincorporated associations "are legally irrelevant" for determining their citizenship.  *Lincoln Ben. Life Co.*, 800 F.3d at 104-05 (citing *Carden v. Arkoma Associates*, 494 U.S. 185, 192, 196-97 (1990)).

case." *GBForefront, L.P.*, 888 F.3d at 34. "[C]ourts are obligated to consider *sua sponte* [jurisdictional] issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Because Sherman Wells failed to meet its burden of demonstrating diversity when it removed the action, we will not consider facts presented after the time for removal has expired.

## Conclusion

Because Sherman Wells failed to meet its burden of demonstrating diversity of citizenship in its notice of removal and has not shown that it is entitled to relief under Rule 60(b), we shall deny the motion for reconsideration of the remand order.